***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :      Civil Action No. 07-177 (FLW)
IN RE VONAGE INITIAL PUBLIC             :
OFFERING (IPO) SECURITIES               :              **OPINION**
LITIGATION                              :
_____:

**WOLFSON, District Judge:**

On April 6, 2009, the Court rendered its decision on two motions to dismiss filed by the Underwriter Defendants[1] and the Vonage Defendants,[2] (collectively, "Defendants") which, inter alia, dismissed Counts I - V of the Consolidated Amended Complaint (the "Amended Complaint"). However, despite the fact that the original consolidated complaint had already been amended, the Court permitted the appointed lead plaintiff, the Zyssman Group ("Lead Plaintiff") to once again amend its Amended Complaint, but with specific limitations and instructions. Lead Plaintiff now moves for reconsideration/clarification of the Court's decision; specifically, Lead Plaintiff requests the Court to permit it to re-plead its Section 11

---

[1] The Underwriter Defendants include Citigroup Global Markets Inc., Deutsche Bank Securities Inc., UBS Securities LLC, Bear Sterns & Co., Inc., Piper Jaffray & Co., and Thomas Weisel Partners LLC.

[2] The Vonage Defendants include Vonage Holdings Corporation ("Vonage") and individual defendants, Jeffrey A. Citron, Michael Snyder, John S. Rego, Peter Barris, J. Sandford Miller, Harry Weller, Sharon A. O'Leary, Betsy S. Atkins, David Morton, Obit Gadiesh, John J. Roberts, Hugh Panero, and Thomas J. Ridge.

and 12 claims under a negligence standard, thus, obviating the need to plead with particularity. Next, Lead Plaintiff requests the Court to re-visit the claim dismissed by the Court regarding Vonage's misrepresentation of its network based on internally developed software. For the reasons that follow, the Court permits Lead Plaintiff one last opportunity to either re-plead its Section 11 and 12 claims based upon negligence or plead in accordance with the Court's previous decision. Lead Plaintiff must file its seconed amended consolidated complaint within 15 days of the date of the Order accompanying this Opinion. However, Lead Plaintiff is not permitted to re-allege its claim regarding Vonage's internally developed software.

## BACKGROUND AND PROCEDURAL HISTORY

For the purposes of this motion, the Court shall refer to and incorporate facts set forth in its Opinion dated April 6, 2009. Lead Plaintiff, on behalf of other investor plaintiffs, filed the Amended Complaint on November 19, 2007. On January 18, 2008, the Vonage Defendants and the Underwriter Defendants moved to dismiss the Amended Complaint. After oral argument held in October 2008, on April 6, 2009, the Court dismissed all of Lead Plaintiff's Section 11and 12 claims (Counts I - V) relating to allegations of misrepresentation and/or omission of Vonage's Prospectus and the Registration Statement ("Offering Documents"). The Court reasoned these claims were not pled as negligence claims and thus, Lead Plaintiff failed to plead these claims with the requisite specificity under Fed. R. Civ.

P. 9(b) as required by Third Circuit case law.  However, the Court provided Lead Plaintiff an opportunity to cure the deficiencies with respect to its allegations pertaining to Vonage's facsimile service and intellctual property patents.  The Court also provided specific instructions and limitations on how these claims should be re-plead.

In this motion, Lead Plaintiff is seeking an opportunity to plead its Section 11 and 12 claims under a negligence theory rather than fraud.  In addition, Lead Plaintiff requests leave to revive its intellectual property claim that Vonage made misrepresentations by stating in the Offering Documents that its network is based on software that was developed internally.  The Court shall turn to each of these requests below.

## DISCUSSION

This Court has repeatedly held that relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Pegasus Consulting Group v. Admin. Review Bd. for the Dept. of Labor, 2008 U.S. Dist. LEXIS 27541, at *7-8 (D.N.J. Mar. 31, 2008); Osteotech, Inc. v. Regneration Techs, Inc., 2009 WL 235222, at *1 (D.N.J. Jan. 30, 2009); see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).  While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F.Supp. 2d 339, 345

(D.N.J. 1999), Local Civil Rule 7.1(I) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(I). A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Indeed, a "party seeking reconsideration must show more than a disagreement with the court's decision," Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991), and will fail to meet its burden if it merely presents "a recapitulation of the cases and arguments considered by the Court before rendering its original decision." Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989)). The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 613 (D.N.J. 2001). In sum, it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citations omitted).

Rather than following the Court's instructions, Lead Plaintiff files this motion for reconsideration or clarification asking for leave to amend its Section 11 and 12 claims based upon negligence. Since the inception of this action, Lead Plaintiff's Complaint and Amended Complaint were primarily predicated upon alleged fraudulent omissions and misrepresentations in the Offering Documents. In fact, the Court found the language of the allegations amounts to knowing and intentional conduct. While Lead Plaintiff fails in this motion to offer any reasons why the Court's decision is incorrect or to demonstrate how the Court overlooked any issues presented in the parties' briefing, the Court will grant Lead Plaintiff's request to plead its claims in negligence in light of repeated representations made by Lead Plaintiff in this briefing and during oral argument that it had so intended since the beginning of this case. At this juncture, allowing Lead Plaintiff to pursue its claims rooted in negligence would not result in any prejudice to Defendants since discovery has not begun and this case is in its infancy.

However, it should be noted that the Court would have to undertake a strained reading of the record to discern a negligence theory from Lead Plaintiff's Section 11 and 12 claims. Indeed, given the gravamen of Lead Plaintiff's Amended Complaint, it is inexorable that Plaintiff's case lies in fraudulent misrepresentations, not careless omissions. Nevertheless, should Lead Plaintiff choose to base its claims on negligence, the Court cautions Lead Plaintiff that simply by employing

the word "negligent" throughout the allegations will not suffice. Rather, the new claims would be analyzed in accordance with the nature of the claims themselves, not by some "magic" words or phrases. Consequently, if these claims are still grounded in fraud and insufficiently pled, they will be dismissed. Furthermore, Lead Plaintiff may not, if it now chooses to plead the claims in negligence and these claims are found to be inadequate, then move again to re-plead the claims based on fraud. In other words, this is Lead Plaintiff's last chance to plead these claims.

Next, Lead Plaintiff requests the Court to reconsider its ruling regarding the development of Vonage's network. Specifically, Lead Plaintiff maintains that Vonage misrepresented that its network was based on internally developed software. In that connection, the Court, in its Opinion, rejected those allegations by holding that such statements in the Offering Documents could not be misleading because "software can be internally developed and yet infringe on a patent already developed." Nothing Lead Plaintiff has presented in this motion demonstrates that this holding is legally erroneous. Certainly, the Court did not, and neither did Lead Plaintiff suggest, overlook these allegations in the Amended Complaint. Moreover, Lead Plaintiff has failed to offer any explanation why the Court's decision would result in manifest injustice. Instead, Lead Plaintiff expresses a general disagreement with the Court's holding, which is improper on a motion for reconsideration. Accordingly, Lead Plaintiff's request on this issue is denied.

## CONCLUSION

Lead Plaintiff shall have fifteen (15) days from the date of the Order accompanying this Opinion to file its second amended consolidated complaint. In so doing, Lead Plaintiff must amend its Section 11 and 12 claims based on either negligence or fraud and it is advised to bear in mind the Court's concerns expressed in this Opinion and proceed accordingly.

Dated: June 3, 2009

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.