RECEIVED

DEC - 4 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VONAGE INITIAL PUBLIC OFFERING (IPO) SECURITIES LITIGATION | Docket No. 07-CV-177 (FLW/LHG)<br>ALL CASES<br><br>District Judge Freda L. Wolfson<br><br>Magistrate Judge<br>Lois H. Goodman |

### [PROPOSED] JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Lead Plaintiff, DSP Plaintiffs and Defendants have determined to settle all claims in the Litigation on the terms set forth in the Stipulation of Settlement dated August 17, 2009 (the "Stipulation"). The Court is familiar with and has reviewed the record in the Litigation, has reviewed the Stipulation, and has considered all submissions to the Court, as well as presentations at the Fairness Hearing. For the reasons stated in its Oral Opinion on December 4, 2009 The Court has found good cause for entering the following Judgment:

NOW, THEREFORE, THIS 4th DAY OF December, 2009, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.  The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiff, DSP Plaintiffs, Class Members, and Defendants.

3.  The Court finds and concludes that notice was given to Class Members in compliance with the Preliminary Order.

4.  The Court finds that the Defendants have provided notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 et seq.

5. The Court finds and concludes, with respect to both the form of the notice given and the procedure used to give notice, that the notice provided to the Class is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of FED. R. CIV. P. 23, Section 27(a)(7) of the Securities Act of 1933, the Constitution of the United States, and any other applicable law, and constitutes due and sufficient notice to all Persons entitled to receive notice.

6. The Court finds and concludes that the Settlement is fair, reasonable, adequate and in the best interests of the Class, approves the Settlement, adopts the terms of the Stipulation, and directs consummation of the Settlement pursuant to its terms.

7. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as the Released Claims, are dismissed with prejudice as against the Released Persons.

8. For purposes of the Settlement (and only for such purposes, and without an adjudication of the merits), the Court finds, with regard to the Class, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met in that:

(a) The Class Members are so numerous that joinder of all Class Members would be impracticable;

(b) Lead Plaintiff and DSP Plaintiffs have alleged one or more questions of fact and law common to the Class, including, among others, whether the Registration Statement and/or Prospectus regarding the IPO contained untrue statements of material fact; whether the Registration Statement and/or Prospectus regarding the IPO omitted material facts that were

necessary in order to make the statements made not misleading; whether various communications announcing the Directed Share Program were illegal offers in violation of Section 5 of the Securities Act of 1933;

(c) Based on Lead Plaintiff's and DSP Plaintiffs' allegations that Defendants engaged in misconduct uniformly affecting Class Members, their claims are typical of the claims of the Class because the interests of Lead Plaintiff and DSP Plaintiffs and the nature of their alleged claims are consistent with those of Class Members;

(d) Lead Plaintiff and DSP Plaintiffs will fairly and adequately protect the interests of the Class because: (i) there appear to be no conflicts between or among; Lead Plaintiff, DSP Plaintiffs and other Class Members; (ii) Lead Plaintiff and DSP Plaintiffs have been and appear to be capable of continuing to be active participants in both the vigorous prosecution and the settlement of this Litigation, and in representing the interests of the Class; and (iii) Lead Plaintiff, DSP Plaintiffs and Class Members are represented by qualified, capable counsel who are experienced in preparing and prosecuting complex class actions, including class actions based upon violations of the federal securities laws; and

(e) Questions of law and fact common to Class Members predominate over questions affecting only individual Class Members, including whether the Registration Statement and/or Prospectus regarding the IPO contained untrue statements of material fact; whether the Registration Statement and/or Prospectus regarding the IPO omitted material facts that were necessary in order to make the statements made not misleading; whether various communications announcing the Directed Share Program were illegal offers in violation of Section 5 of the Securities Act of 1933. The Court also finds that class action resolution in the manner proposed in the Stipulation would be superior to other available methods for a fair and

efficient adjudication of the Litigation. In making these findings, the Court has considered, among other factors: (i) the interest of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

9. Based on the findings set forth in ¶ 8 above, the Court hereby certifies the Class for settlement purposes under FED. R. CIV. P. 23. The Class consists of: all persons and entities who purchased the common stock of Vonage pursuant and/or traceable to Vonage's IPO whether through the Directed Share Program or otherwise and who suffered damages. Excluded from the Class are: (1) Defendants, members of their immediate families, any entity in which any of the Defendants has a controlling interest or of which they are a parent or subsidiary or that is controlled by any of the Defendants, and the officers, directors, employees, affiliates (as defined in SEC Rule 12b-2), legal representatives, heirs, predecessors, successors and assigns of the Defendants; (2) Persons who timely and validly request exclusion from the Class; and (3) All Persons who indicated they would purchase one or more shares of Vonage's common stock pursuant and/or traceable to Vonage's IPO and did not pay for such shares.

10. The issue that is subject to class-wide treatment is whether the terms of the Settlement are fair, reasonable and adequate pursuant to FED. R. CIV. P. 23(e)(1)(C) and governing law construing that Rule. In making that determination, the Court also has considered whether proper notice of the Settlement has been given under FED. R. CIV. P. 23(c)(2)(B) and 23(e)(1)(B).

11. Upon entry of the Judgment, and once the Judgment is Final, the Effective Date shall have occurred.

12. In the event that the Settlement fails to become Final, or if the Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any Settling Party elects to terminate the Settlement), the Settlement shall be deemed terminated, and the Settling Parties shall return to their positions as of June 17, 2009, without prejudice in any way, as provided for in the Settlement.

13. Upon the Effective Date, the Released Claims against each and all of the Released Persons are hereby released and dismissed with prejudice and on the merits, without costs to any party, whether or not any such Person submits a Proof of Claim or otherwise shares in the Net Settlement Fund. Also upon the Effective Date, the Released Persons are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Persons.

14. The Court permanently bars any Person from commencing, prosecuting or asserting any claim for contribution, however denominated, arising out of the Litigation against any Defendant, provided however, that this provision and the terms of this Judgment and the Settlement do not bar or otherwise affect any claims or rights arising out of the May 23, 2006 Underwriting Agreement among the parties thereto.

15. The Court dismisses the Litigation with prejudice and without costs to the Settling Parties except as provided for in the Stipulation.

- 6 -

16. The Court finds and concludes, pursuant to Section 27(c)(1) of the Securities Act of 1933, that Lead Plaintiff, DSP Plaintiffs, Class Counsel, Defendants and Defendants' counsel have complied with each requirement of FED. R. CIV. P. 11(b) as to any complaint, responsive pleading or dispositive motion.

17. The facts and terms of this Judgment and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Judgment and the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense in the Litigation.

18. The Court reserves jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation and enforcement of the Stipulation.

19. The Court expressly determines that there is no just reason for delay in entering this Judgment, and directs the Clerk of the Court to enter this Judgment pursuant to FED. R. CIV. P. 54(b).

IT IS SO ORDERED.

DATED: December 4, 2009

_____
THE HONORABLE FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE